# CHARLESTON.

### FLEMING v. SMOUSE.

Submitted February 13, 1912.    Decided November 11, 1913.

A case in which no new principle is announced, and in which the verdict and judgment are fully supported by the proof.

Error to Circuit Court, Mineral County.

Action by Thomas A. Fleming against Thomas E. Smouse. Judgement for plaintiff, and defendant brings error.

*Affirmed.*

*Frank C. Reynolds,* for plaintiff in error.

*William MacDonald,* for defendant in error.

LYNCH, JUDGE:

By writ of error, Smouse seeks reversal of a judgment against him upon a verdict in favor of plaintiff. The action is for the recovery of the value of merchandise sold to defendant's employees and money advanced for his use and benefit, at the direction of his agent, Beard.

The defendant denies the agency. But the jury, by its verdict, found against him. Its finding in this respect is abundantly supported, both by direct proof and recognition by ratification of Beard's acts. Defendant's letters to plaintiff and conversations with him, and various payments by checks on accounts for previous months upon statements furnished, render reasonably definite and certain the existence of the relation of principal and agent. So well assured of the absence of any deficiency of proof in this and other respects was Smouse that he failed, after the award of the writ, to give further attention to the case, not even filing a brief in support of the errors assigned in his petition therefor.

Nor is there any infirmity in the instructions asked by plaintiff and read to the jury at his request. They properly informed the jury what facts it should deem necessary to establish Beard's agency, both by proof of actual employment as the representative of his principal, and indirectly by

the ratification of the agent's acts and conduct in his behalf after full knowledge of such acts and conduct; both methods being so well sustained by competent authority here and elsewhere that citations are unnecessary.

The defendant Smouse assigns as error the court's refusal to instruct the jury to find for him, and to set aside the verdict and grant him a new trial; also the action of the court in requiring plaintiff to remit part of the amount found by the jury and rendering judgment for the residue. The account was not controverted, and, as stated, the agency was established by full and competent proof. The *remittitur damnum* being favorable and therefore not prejudicial to him, these assignments are without merit. Smouse also objected to the introduction in evidence of letters written by him to Fleming—on what ground he does not state. They seem to be competent for all purposes, and especially to establish the agency of Beard. In some of the letters, Smouse expressly declares such agency, and a complete knowledge and recognition of plaintiff's account.

Fleming also complains in his brief of the *remittitur damnum*. But, from the judgment order entered, it appears that he "elected to accept said sum of $264.51 and remit the difference between the said amount and the sum of $460.90, the amount of the verdict of the jury". Nor did he in any manner appearing in the record object or except to the action of the court in rendering judgment for an amount less than that returned by the jury. Not having done so, and having assented to the court's action, he is precluded from further complaint.

Finding no error, the judgment is affirmed.

*Affirmed.*