FLORIDA EAST COAST RAILWAY COMPANY, A CORPORATION, *Plaintiff in Error,* v. R. C. RUCKLES, *Defendant in Error.*

Opinion Filed May 12, 1922.

1. The practice, where a jury awards excessive damages, is for the plaintiff to enter a remittitur for the excess. This is a voluntary act on the part of the plaintiff, and although the judge stated at the time, that unless the plaintiff entered the remittitur he would set the verdict aside and grant a new trial, the plaintiff is estopped from saying that it was entered under compulsion. Pensacola Gas Co. v. Pebley, 25 Fla. 381, 5 South. Rep. 593.

2. Where, upon motion by defendant for a new trial, an order is entered by the trial court, the effect of which is to grant the motion unless within a stipulated time plaintiff remits a portion of the amount recovered, and plaintiff, in compliance with the terms of the order, formally enters a remittitur damnum for the amount indicated and takes judgment for the remainder of the amount recovered, he is estopped to assert and assign error in the order.

A motion to strike cross assignment of error.

Motion granted.

*Robert H. Anderson* and *Harrison E. Barringer,* for Plaintiff in Error;

*Hilburn & Merryday,* for Defendant in Error.

WEST, J.—This is a motion made by plaintiff in error to strike from the transcript of the record a cross-assignment of error filed by defendant in error.

Upon motion for new trial made by plaintiff in error, defendant below, the following order was entered by the trial court:

"This cause coming on to be heard upon the defendant's motion for new trial and said motion having been argued by counsel and the court being advised in the premises, it is, therefore, upon consideration, ordered, adjudged and decreed that the plaintiff enter a remittitur of sixty-five hundred dollars herein and that in the event that the plaintiff fails or refuses to enter such remittitur within 10 days from the date of this order said motion for new trial be and the same is hereby granted, otherwise said motion is denied.

"Done and ordered this 16th day of December, A. D. 1921. Exceptions noted for both parties and 60 days allowed for preparation of bills of exceptions."

Thereupon the defendant in error, plaintiff below, filed his remittitur which, omitting formal parts, is as follows:

"WHEREAS, On the 16th day of December, 1921, the defendant's motion for new trial in this cause came on to

be heard before the Hon. A. V. Long, at Palatka, Florida, and upon the consideration thereof, amongst other things, it was ordered that the plaintiff enter a remittitur in the sum of $6,500.00 in this cause, under penalty of a new trial being granted upon the failure of the plaintiff to enter said remittitur in the aforesaid sum.

"NOW, THEREFORE, In consideration of the premises, comes the plaintiff, by his undersigned attorneys of record, and hereby enters this, his remittitur, in the sum of $6,500.00, as required by the court's aforesaid order, and by this instrument reduces the amount of damages awarded by the verdict and judgment in this cause to the sum of $3,500.00."

Defendant took writ of error and assigned as error various rulings of the trial court made during the progress of the cause.

Plaintiff filed a cross-assignment of error based upon the ruling of the trial court granting the motion of defendant for a new trial unless the plaintiff should, within ten days from the date of the order, enter a remittitur for the sum stated in the order.

The motion should be granted. It is not necessary to decide whether the practice of filing cross-assignments of error by a defendant in error would be allowable in a common law action in any case. It is clear that a plaintiff may not avail himself of the benefits of an order, such as was made in this case, and take judgment for the amount of the verdict less the remittitur and subsequently assign such order as error. Plaintiff could have declined to make the remission required by the order as an alternative for a new trial and stood upon his allegation of damage sustained, but when he formally enters a remittitur

damnum in compliance with the terms of the order he is estopped to assert and assign error in the order. Pensacola Gas Co. v. Pebley, 25 Fla. 381, 5 South. Rep. 593; Kubiatowski v. Henry Pratt Boiler, etc. Co., 205 Ill. 560; Lynchburg Telephone Co. v. Bokker, 103 Va. 594, 50 S. E. Rep. 148; Fleming v. Smouse, 73 W. Va. 188, 80 S. E. Rep. 144; Lawrence v. Church, 128 N. Y. 324, 28 N. E. Rep. 499; Klock Produce Co. v. Diamond Ice Co., 98 Wash. 676, 168 Pac. Rep. 476; McElrath v. Fall, 11 Wash, 438, 191 Pac. Rep. 398; Martin v. Jansen, 113 Wash. 290, 193 Pac. Rep. 674.

Motion granted.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.