CLINT MOORE v. SPANISH RIVER LAND COMPANY, et al.

159 So. 673

Division B.

Opinion Filed February 28, 1935.

550

Giles J. Patterson and Williamson & Cain, for Appellant.

Gedney, Johnston & Lilienthal, William L. Ranson (New York City) and Metcalf & Finch, for Appellees.

BUFORD, J.—A taxpayer filed bill of complaint against the Town of Boca Raton, and certain other named defendants, seeking to enjoin the Town of Boca Raton, its officers and agents, from attempting to raise by taxation moneys wherewith to pay certain lien certificates described in the bill of complaint, and from paying or attempting to pay any moneys of the town on account of interest of any of the lien certificates and to restrain the holders of such lien certificates named in the bill of complaint from instituting or prosecuting any suits or actions upon the lien certificates named and described in the bill of complaint, and by amendment to the bill of complaint sought to enjoin the defendants, George W. Harvey, George W. Harvey Realty Com-

pany and Clint Moore from instituting or prosecuting any suits or actions against the Town of Boca Raton for any moneys due or claimed to be due for any work done or materials furnished in the improvement of any streets, and for the improvement of which the lien certificates are alleged to have been issued.

After hearing on testimony pursuant to issues presented by pleadings the court entered the following order:

"This cause was duly presented by counsel upon motion of Clint Moore to dissolve the temporary restraining order, and the matter was considered by the Court. I am of the opinion that the law court is competent to adjudicate the controversy between the municipality and Moore, without recourse to a court of equity. There seems to be no interpleader, multiplicity of suits or accounting that would properly confer equitable jurisdiction on this court. The questions of alleged fraud and validity of the contract may be presented in the common law action. Thereupon:

"IT IS CONSIDERED, ADJUDGED AND DECREED that the motion of Clint Moore to dissolve the temporary restraining order be granted, and that the temporary order heretofore entered under date of October 10, 1932, in so far as it pertains to Clint Moore, be vacated."

This order was entered on 17th day of February, 1933. On April 20th, 1933, the court entered final decree as follows:

"This cause was duly presented by counsel upon final hearing and considered by the court.

"As between the municipality on one hand and the contractor and holder of lien certificates on the other, for the reasons stated in the order of February 17, 1933, I do not believe the municipality can maintain the bill for it has an

adequate remedy at law in defense of any action brought by these defendants.

"Insofar as concerns John J. Hefferman, the contract of April 23, 1927, is invalid because never duly authorized by the town or performed by the contractor. The lien certificates were never duly issued or based upon any equitable or legal assessments. Hence, he can maintain no action on either the contract or the certificates.

"Assuming, without deciding, that John J. Hefferman should be recognized as the *pro tanto* assignee of Moore's cause of action on a *quantum meruit* basis, the evidence is too meager to show any benefits obtained by the municipality by reason of the alleged improvements, and, if there were any benefits, the evidence is too indefinite to show the amount John J. Hefferman might be entitled to recover. Thereupon:

"It Is ORDERED, ADJUDGED AND DECREED that as between the municipality and Clint Moore, the bill be dismissed; that as between the municipality and John J. Hefferman the temporary restraining order entered October 10, 1932, be and it is hereby made permanent; that the counter claim of John J. Hefferman be dismissed; that as between the municipality and John J. Hefferman the contract of April 23, 1927, be decreed void; that the lien certificates now held by said John J. Hefferman bearing date July 17, 1929, and bearing the following numbers, to-wit: 208, 442, 443, 471, 489, 490, 491, 492, 493, 494, 495, 496, 497, 498, 509, 510, 511, 518, 519, 520; 523, 524, 525, 526, 527, 528, 529, 530, 531, 532, 533, 534, 535, 536, 537, 538, 539, 540, 541, 542, 543, 544, 545, 546, 547, 548, 549, 550, 559, 569, 570, 571, 572, 573, 574, 575, 576, 577, 640, 720, 721, 722, 743, 759, 760, 778, 790, 821, 822, 823, 834, 835, 836, 843, 844, 845, 856, be and they are hereby cancelled; that costs in this

suit in the amount of $............. including compensation of the Special Examiner in the amount of $............. be taxed, one-half against the plaintiff and one-half against the defendant, John J. Hefferman, for which let execution issue.

"DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 20 day of April, A. D. 1933."

Appeal from the final decree brings both the order and decree for review.

The decree should be affirmed in all respects except insofar as it appears to hold that a recovery on *quantum meruit* basis may be limited to the amount of the benefits obtained by the municipality by reason of the alleged improvements.

If the decree should be construed as to so limit the recovery then in that regard it must be reversed on authority of the opinion and judgment in the case of Howell v. Hillsborough County, 111 Fla. 361, 149 Sou. 347, in which we said:

"A majority of the court hold that under the authorities hereinafter cited where a county enters into a contract for work of a public character which it is fully authorized to pay for, and the contract has been executed and performed according to its terms, and the county has acknowledged its indebtedness under the contract by issuing its certificates of indebtedness to pay for the work done and materials furnished, and is actually enjoying the fruits of the contractor's expenditures for labor and material, which expenditures were made in good faith on the strength of the county's contract, that included an assumption of obligation to provide a means of payment according to the contract, after its actual execution, that recovery may be had against the county on a *quantum meruit* basis for the value of the work done and materials furnished to and accepted

by the county under such circumstances, where the county finds that it is unable to deliver valid certificates to pay for the work done under the express contract. Lainhart v. Burr, 49 Fla. 315, 36 Sou. Rep. 711; Bill v. City of Denver, 29 Fed. 344; City of Louisville v. Hyatt, 2 B Monroe (Ky.) 177; Sleeper v. Bullen, 6 Kan. 300; Board v. City of Brooklyn, 31 Barb. (NY) 142, text 150; Commercial National Bank v. City of Portland, 24 Ore. 188, 33 Pac. Rep. 532; Reilly v. City of Albany, 112 N. Y. 30, text 42, 19 N. E. Rep. 508; Barber Asphalt Paving Co. v. City of Harrisburg, 64 Fed. 283; City Chicago v. People *ex rel.* Norton, 56 Ill. 327, text 334; Barber Asphalt Paving Co. v. City of Denver, 72 Fed. 336; City of Leavenworth v. Mills, 6 Kan. 288; Argenti v. City of San Francisco, 16 Cal. 256, 281, 283, and many others."

When recovery is had on *quantum meruit* basis the measure of recovery is not the value to the defendant, but where it involves labor performed and materials furnished, it is to be determined by the reasonable value of the labor performed and the market value of the materials furnished, and not by the determination of the value to the defendant which the completed project represents.

As stated in the opinion above referred to, and also in the case of Smith v. Deffin, *et al.*, 115 Fla. 418, 155 Sou. 658, it must be shown that work done under an illegal contract has been fully and fairly performed in good faith with resultant benefit to the contracting county or municipality which is sought to be charged with the *quantum meruit* recovery. Whether or not the contract has been performed, or that part of it has been performed for which *quantum meruit* is claimed in good faith, and whether or not there has been any resultant benefit to the municipality

or county are questions which may be determined in a law action by the claimant against the county or municipality.

The decree should be modified to conform to the views herein expressed and when so modified will stand affirmed.

It is so ordered.

Decree ordered modified and affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.

BROWN, J. (dissenting in part).—I think that the allegations in the bill for cancellation and injunction filed by the Town of Boca Raton which cause was subsequently consolidated with the cause brought by the taxpayer made out a case for equitable relief which would have enabled the court to dispose of the whole controversy. The facts of the case are unusual. I agree with the majority that the decree appealed from was justified in the respects pointed out, indeed I think the decree was correct, except insofar as it did not grant injunctive relief to restrain appellant Moore from prosecuting any action at law against the town.