PER CURIAM.
This case is being reconsidered upon ap-pellee’s motion for rehearing as to this court’s order striking appellee’s cross-assignments of error. The sole issue is whether a claimant may enter a remittitur, and then, upon appeal by the defendant in whose favor the remittitur was ordered, cross-assign as error the order directing a new trial unless the remittitur be entered.
Appellee, Omni-Vest, initially brought suit against appellant Reichhold for breach of contract. The jury returned a verdict in favor of the claimant in the amount of $75,000. Thereafter, the trial court entered an order granting the defendant’s motion for new trial, unless the claimant enter a remittitur in the amount of $62,000. The claimant thereupon entered its remittitur, and the trial court entered a final judgment in the amount of $13,000 plus costs. From that judgment, the defendant (appellant here) took an appeal, and appellee (claimant below) cross-assigned the order requiring remittitur. This court granted appellant’s motion to strike the cross-assignment of error. Appellee moved for rehearing, therefore this opinion. *
*59 The early ease of Florida East Coast Ry. Co. v. Buckles, 83 Fla. 599, 92 So. 159 (Fla. 1942), is apparently controlling. In that case, the Supreme Court held:
“. . . It is clear that a plaintiff may not avail himself of the benefits of an order, such as was made in this case, and take judgment for the amount of the verdict less the remittitur, and subsequently assign such order as error. Plaintiff could have declined to make the remission required by the order as an alternative for a new trial, and stood upon his allegation of damages sustained; but, when he formally enters a remittitur damnum in compliance with the terms of the order, he is estopped to assert and assign error in the order. . . . ” (92 So. at 160)
It is apparent that blind application of the doctrine enunciated in the Buckles decision may lead to unjust and unfair results, as evidenced by the case sub judice. It is manifestly unjust and unfair, it appears to us, for a plaintiff to have a $75,000 jury verdict reduced to $13,000 by a remittitur and then, without the plaintiff having received the remaining $13,000, permit the defendant to appeal the reduced verdict which was occasioned by the defendant’s motion for new trial and yet prohibit the plaintiff a cross-appeal of the order which gave rise to the remittitur.
Obliquely recognizing such inequitable consequences of its Buckles decision, the Supreme Court granted limited relief in Ed C. Wright and Co. v. Adkins, 152 Fla. 512, 12 So.2d 296 (Fla.1943); In that case the court specifically distinguished the Buckles decision, in that the latter case involved a judgment in gross whereas in the former case, the verdict was in two distinct parts and error was assigned as to the disallowance of one part only. Further, in Adkins, no part of the judgment had been paid and nothing had been done by the appellee to work an estoppel. Thus, the effect of the Buckles decision was avoided.
Other attempts to ameliorate the harsh effect of the Buckles decision have been thwarted. For example in Dargis v. Ma-guire, 156 So.2d 897 (Fla.3d D.C.A.1963), the trial court ordered a remittitur, or in the alternative, a new trial, but stated in the order that compliance with the order would not be deemed to be a waiver or estoppel insofar as the right to cross-assign as error that portion of the order directing the plaintiff to enter the remittitur. Refusing to honor that particular portion of the re-mittitur order, the Third District held that the trial court could not confer upon the plaintiff the right to appeal from the remit-titur order which he voluntarily accepted.
We believe that by far the better, and certainly the fairer, rule would appear to be the so-called Wisconsin rule. That rule, which quite logically originated in Wisconsin and represents the modern trend of law, permits a plaintiff who has filed a remitti-tur pursuant to an order of the trial court to cross-assign that order when the defendant has appealed the final judgment. See Plesko v. City of Milwaukee, 19 Wis.2d 210, 120 N.W.2d 130 (Wis.1963); see also discussion and cases cited in 16 A.L.R.3d 1330 (1967).
Notwithstanding the fairness, equity, and justice of the Wisconsin rule, we are unable to adopt or follow it. District courts in Florida have been directed in no uncertain terms to leave all judicial changes in the law to the Supreme Court of Florida. Hoffman v. Jones, 280 So.2d 431 (Fla.1973). Accordingly, in deference to the Hoffman mandate and based upon our finding that there is no logical basis in the record at this stage of the proceedings by which the Buckles decision may be distinguished, we are of the view that in the interest of stare decisis, despite readily acknowledging that we question the justice of the result, we must continue to abide by our decision to grant appellant’s motion to strike.
However, we do feel compelled to take one additional step. The precise question presented by this case is: When a plaintiff in a civil action consents to a re-mittitur ordered by a trial court following a hearing held on a motion for a new trial filed by defendant, is the plaintiff, in the *60 absence of having actually received the fruits of the reduced judgment, precluded from cross-assigning as error the order of remittitur when the defendant has appealed the reduced judgment which has been entered following the remittitur? Having answered the question in the affirmative, basing our decision squarely and entirely upon Florida East Coast Ry. Co. v. Buckles, supra, we certify the question to be of great public interest pursuant to Article V, Section 3(b)(3), Florida Constitution.
IT IS SO ORDERED.
BOYER, C. J., and RAWLS and MILLS, JJ., concur.