352 So.2d 53 (1977)
OMNI-VEST, INC., Petitioner,
v.
REICHHOLD CHEMICALS, INC., Respondent.
No. 51185.
Supreme Court of Florida.
July 29, 1977.
Rehearing Denied November 7, 1977.
*54 J.B. Murphy, Jr., of Murphy & Beroset, Pensacola, and Cynthia S. Tunnicliff of Spector & Tunnicliff, Tallahassee, for petitioner.
Robert P. Gaines of Beggs & Lane, Pensacola, for respondent.
KARL, Justice.
We here review by certiorari the decision of the District Court of Appeal, First District, in Reichhold Chemicals, Inc. v. Omni-Vest, Inc., 352 So.2d 58, filed February 3, 1977. The District Court certified the controlling question involved in this cause to be one of great public interest. We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
In a breach of contract action brought by petitioner, Omni-Vest, Inc., against respondent, Reichhold Chemicals, Inc., the jury returned a verdict in favor of petitioner in the amount of $75,000. Respondents filed a motion for a new trial and alleged, inter alia, that the court erred in overruling the objection of the respondents to the testimony of M.F. Gonzales as to the cost of filling the pit, that the jury verdict is contrary to the manifest weight of the evidence and is so grossly excessive as to demonstrate prejudice and passion on the part of the jury.
The trial court granted respondent's motion for new trial unless petitioner should enter a remittitur in the amount of $62,000. Petitioner agreed to the remittitur, and final judgment was thereupon entered for petitioner in the amount of $13,000 plus costs.
Assigning as error the trial court's denial of its motion for directed verdict, respondent appealed the final judgment in favor of petitioner. Petitioner cross-assigned as error the order of the trial judge requiring remittitur. The District Court of Appeal granted respondent's motion to strike the cross-assignment of error. On petition for rehearing, the District Court wrote an opinion explaining its rationale for granting the motion and then certified the following question to this Court:
"When a plaintiff in a civil action consents to a remittitur ordered by a trial court following a hearing held on a motion for a new trial filed by defendant, is the plaintiff, in the absence of having actually received the fruits of the reduced judgment, precluded from cross-assigning as error the order of remittitur when the defendant has appealed the reduced judgment which has been entered following the remittitur?"
The District Court of Appeal decided this question in the affirmative, basing its decision squarely on this Court's decision in Florida East Coast Ry. Co. v. Buckles, 83 Fla. 599, 92 So. 159 (1922), wherein it was held:
"It is clear that a plaintiff may not avail himself of the benefits of an order, such as was made in this case, and take judgment for the amount of the verdict less the remittitur, and subsequently assign such order as error. Plaintiff could have declined to make the remission required by the order as an alternative for a new trial, and stood upon his allegation of damages sustained; but, when he formally enters a remittitur damnum in compliance with the terms of the order, he is estopped to assert and assign error in the order. [Cases cited.]"
We adhere to our early decision in Florida East Coast Ry. Co. v. Buckles, supra, and therefore answer the certified question in the affirmative.
Accordingly, finding that the District Court of Appeal, First District, has correctly decided the question, we approve the decision under review in this respect and discharge the writ.
It is so ordered.
OVERTON, C.J., and BOYD and HATCHETT, JJ., concur.
ADKINS, ENGLAND and SUNDBERG, JJ., dissent.