414 So.2d 634 (1982)
BOYCE CONSTRUCTION CORPORATION and United States Fidelity and Guaranty Co., Appellants/Cross-Appellees,
v.
The DISTRICT BOARD OF TRUSTEES OF VALENCIA COMMUNITY COLLEGE f/u/b/o dIVERSIFIED dESIGN eNTERPRISES, iNC., Appellee/Cross-Appellant.
No. 81-870.
District Court of Appeal of Florida, Fifth District.
June 2, 1982.
Ronald W. Brooks of Brooks, Cooper & Marks, Orlando, for appellants/cross-appellees.
Richard A. Leigh of Leonhardt, Trickel, Leigh, Gibson, Martin & Jones, Orlando, for appellee/cross-appellant.
*635 COBB, Judge.
Boyce Construction Corp. (Boyce) was the general contractor on a construction project for Valencia Community College. Diversified Design Enterprises, Inc. (Diversified) was a subcontractor providing certain equipment for the gymnasium. Diversified sued Boyce for breach of contract for failing to pay the contract price for materials furnished and work performed. The action was based solely on one count: breach of an express written contract. Boyce answered and filed a counterclaim against Diversified for failure to meet the contract specifications and for delay of the project.
A trial without jury was held. At the close of plaintiff's case in chief, the defendant moved for an involuntary dismissal on the ground that the plaintiff had failed to establish a prima facie case. The trial court denied the motion, stating that it had the authority "to make the probata conform to the allegata." (The converse apparently was intended). No motion to amend the pleadings was made then or at any time during trial by the plaintiff. See Fla.R. Civ.P. 1.190(b).
After all of the evidence was presented, the trial court entered a judgment finding that Diversified had breached the contract justifying termination by the defendant Boyce, but also finding that the plaintiff was entitled to recover on a theory of quantum meruit. The court found that Boyce was entitled to a set-off for the cost to it of the incomplete work, but denied any recovery to Boyce on its counterclaim for delay, stating that the evidence that such delay was caused by Diversified was unconvincing. This latter finding was announced verbally by the trial judge at defendant's motion for rehearing, but was not included in the written judgment. The written judgment that was entered against Boyce was for the amount of $12,290.38, a figure arrived at by deducting itemized costs incurred by Boyce from the remaining unpaid balance of the contract at the time of breach, with the addition of interest, attorney fees and costs. Boyce objected to, and has appealed, the trial court's allowance of an amendment, apparently on its own initiative, thereby adding a count in quantum meruit to plaintiff's complaint.
There are several problems with upholding the "equitable"[1] approach taken by the trial judge. First, wording of Rule 1.190(b) itself does not support an amendment adding quantum meruit counts. There is authority for the proposition that a court should not allow an amendment in the absence of a party's motion therefore. See Pokress v. Tisch Florida Properties, Inc., 153 So.2d 346 (Fla. 3d DCA 1963). Perhaps this problem could be surmounted by appellee based upon the argument that the rule recognizes that such a motion may be made by a party at any time, even after judgment and, in the instant case, there was an ore tenus motion to so amend made by counsel for plaintiff at a post-judgment hearing on the defendant's motion for rehearing. The motion was somewhat superfluous at that time since, in effect, it had already been initiated and granted by the trial court sua sponte. Indeed, the trial court treated it as superfluous and did not expressly rule on the motion other than by denying defendant's new trial motion.
Nevertheless, the fundamental problem is that, under the rule, there was no evidentiary basis for granting the motion, even had it been made at trial by the plaintiff, other than the fact that the trial court may have felt that the plaintiff had failed to prove its contract action. The evidence presented at trial was fully consistent with the contract action; it was not objectionable, although arguably insufficient. Thus, there was no basis for any finding by the trial court that the defendant's failure to object to some particular item of evidence e.g., the contract price, constituted an express or implied consent of the defendant to try the issue of plaintiff's entitlement to recover *636 under a theory of quantum meruit.[2] Dysart v. Hunt, 383 So.2d 259 (Fla. 3d DCA), review denied, 392 So.2d 1373 (Fla. 1980); Chandler v. Chandler, 330 So.2d 778 (Fla. 1st DCA); cert. denied, 339 So.2d 1167 (Fla. 1976); and Triax, Inc. v. City of Treasure Island, 208 So.2d 669 (Fla. 2d DCA 1968).
In order to support a claim for quantum meruit to recover for labor performed and materials furnished in good faith under an illegal contract, the claimant may recover the reasonable value of the labor performed and the market value of the material furnished. Moore v. Spanish River Land Company, 118 Fla. 549, 159 So. 673 (1935). That is not the instant situation if, as purportedly found in the final judgment, the plaintiff materially breached the contract justifying termination by the defendant. Where a party in breach of a contract has rendered substantial benefits to the non-breaching party which it would be unjust to forfeit without any payment, and the loss occasioned by the breach does not equal or exceed the benefit, then the defaulting party may recover the excess of the benefit over the loss. That recovery, however, cannot be more than a ratable portion of the total contract price where such a portion can be determined. Although the contract price is evidence of the benefit, it is not conclusive. Restatement (Second) of Contracts, § 374 (1979).
In the instant case there was no evidence presented to the trial court which could support a finding that an unpled issue (quantum meruit) was tried by the express or implied consent of the defendant per Florida Rule of Civil Procedure 1.190(b). The plaintiff presented no evidence, other than the contract price and remaining balance thereof, to provide a proper case for relief based upon the theory of quantum meruit. Hence, it was error for the trial court to inject that issue into the case on its own initiative.
Apparently recognizing the problem presented by the trial court's misapplication of the quantum meruit doctrine, the appellee argues on appeal that, despite the contrary language of the judgment, it "is not a judgment in quantum meruit but is in fact a judgment for the full contract price based upon the substantial completion of the project by the appellee ..." In support of this contention appellee relies upon the cases of Oven Development Corporation v. Molisky, 278 So.2d 299 (Fla. 1st DCA 1973) and Viking Communities Corporation v. Peeler Construction Company, 367 So.2d 737 (Fla. 4th DCA 1979).
We agree that the doctrine of substantial performance prevails in this state and that "a contractor who substantially performs and is in good faith is entitled to enforce the contract even if performance has been less than complete." Viking, 367 So.2d at 739. We further agree that, had the court below found the contract substantially completed, its method of computing damages was correct. The "substantial performance" argument is supported by several statements in the record made by the trial court below, including its verbal denial of the defendant's counterclaim for delay. But to adopt this argument, we must disregard the express finding by the trial court that the defendant was entitled to terminate the contract because of the plaintiff's breach, and therefore was left *637 only with a recovery based on quantum meruit.
Faced with an irreconcilable conflict between what the trial court said and what it did, we believe that justice can be served in this case only by reversal and remand for new trial, with leave to freely amend the pleadings prior to trial upon motion by either party. Cf. Neveils v. Thagard, 145 So.2d 495 (Fla. 1st DCA 1962). See also Remsberg v. Mosley, 58 So.2d 432 (Fla. 1952).
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Quantum meruit is an action at law (assumpsit) based upon a theory of implied contract. Moore v. Spanish River Land Company, 118 Fla. 549, 159 So. 673 (1935); Neveils v. Thagard, 145 So.2d 495 (Fla. 1st DCA 1962).
[2] The rule in effect at the time of the trial of this cause read:

(b) Amendments to Conform with Evidence.
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend shall not affect the result of the trial of these issues. If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the case are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice him in maintaining his action or defense upon the merits.
Fla.R.Civ.P. 1.190(b).