423 So.2d 549 (1982)
WHITE CONSTRUCTION COMPANY INC., and Limerock Industries, Inc., Appellants/Cross Appellees,
v.
Nathaniel DUPONT and Janey B. Dupont, His Wife, Appellees/Cross Appellants.
No. AE-294.
District Court of Appeal of Florida, First District.
December 15, 1982.
Dominic M. Caparello, H. Michael Madsen, Anne Longman, of Messer, Rhodes & *550 Vickers, Tallahassee, for appellants/cross appellees.
W. Dexter Douglass, of Douglass, Davey & Cooper, Tallahassee, for appellees/cross appellants.

ON MOTION TO DISMISS CROSS APPEAL
WENTWORTH, Judge.
Appellants White Construction Company and Limerock Industries, Inc., defendants below, have moved to dismiss the cross appeal filed by appellees Nathaniel and Janey DuPont in this appeal from a final judgment for damages based on a jury verdict for plaintiffs. We grant the motion and dismiss the cross appeal.
In addition to compensatory damages of $1,025,000 for each of the DuPonts, the verdict and judgment awarded punitive damages in the amount of $1,500,000 against White and $2,000,000 against Limerock. Ensuing events pertinent to the motion before us are:
1. By order of May 27, 1981, defendants' post-trial motions were denied except for Limerock's alternative motion for new trial on the issue of punitive damages, which was granted because of unreasonable economic burden based on apparent net worth "unless Plaintiffs file a remittitur in the amount of ... $1,000,000 ... within twenty (20) days."
2. On June 1 plaintiffs moved for disbursement of $553,602.51 deposited in the court registry by the liability carrier for White and Limerock. The motion recited plaintiffs' contention that withdrawal of the funds "will not affect their rights on appeal" but stated that defendants "will not sign a stipulation to that effect." The June 2 order of disbursement recited the parties' agreement that withdrawal "shall not affect plaintiffs' right to collect the full balance of the judgment due," that "all defendants shall ... be credited pro tanto," and noted defendants' proviso that their agreement to withdrawal "shall in no way affect any rights of the parties ... to assert any other claim not herein decided." The order did not refer to any rights on appeal, but simply granted the motion "without prejudice to the rights of all parties ... to assert any claim not herein determined."
3. On June 12 plaintiffs served a notice of compliance with the order of May 27, stating they "hereby file a remittitur of all amounts set forth in the punitive damage verdict against ... Limerock ... in excess of One Million Dollars." This notice also contained the following unilateral assertion: "If any defendant ... . shall appeal any part of the Court's Order ... dated May 27, 1981, the plaintiffs reserve the right to cross appeal that portion ... granting ... Remittitur."
The parties' arguments are presented by the motion to dismiss, response, and a reply submitted with motion for leave to file by appellants, which we grant.
We agree that the decision in Omni-Vest, Inc. v. Reichhold Chemicals, Inc., 352 So.2d 53 (Fla. 1977), forecloses the cross appeal in this case by adhering to earlier decisions that when a plaintiff "formally enters a remittitur damnum in compliance with the terms of the order, he is estopped to assert and assign error in the order." 352 So.2d at 54. That decision affirmed this court's ruling, which noted that Dargis v. Maguire, 156 So.2d 897 (Fla.3d DCA 1963), had held that even an express order of the trial court against waiver of appeal rights "could not confer upon the plaintiff the right to appeal from the remittitur order which he voluntarily accepted." 352 So.2d at 59. We do not, in any event, construe the above-quoted disbursement order in this case to preserve plaintiffs' appellate rights.
Appellants correctly distinguish the decision in Ed C. Wright and Co. v. Atkins, 152 Fla. 512, 12 So.2d 296 (1943), which qualifies the waiver doctrine where a jury verdict awarded separately the sums of $3,500 principal and $1,200 interest, and remittitur was ordered and accepted only as to the interest award, upon a determination that interest was not allowable and was not properly submitted to a jury. Appellees' reliance upon Brown v. Epstein, 208 So.2d 836 (Fla. *551 4th DCA 1968), is also misplaced. The funds paid by appellants' carrier remain in controversy in this appeal, and we note that the order disbursed such funds as a partial release of all defendants pro tanto. Appellees have accordingly (in addition to accepting remittitur) received the benefits of the judgment to this extent, permitting application of the benefits doctrine of Brown, supra.
The cross appeal is therefore dismissed.
SHIVERS and SHAW, JJ., concur.