472 So.2d 533 (1985)
DIGITAL SYSTEMS OF FLORIDA, INC., Appellant,
v.
Thomas COMMITTE, Appellee.
No. AU-432.
District Court of Appeal of Florida, First District.
June 27, 1985.
Rehearing Denied July 31, 1985.
Robert P. Gaines of Beggs & Lane, Pensacola, for appellant.
Charles J. Kahn, Jr. of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellee.
BOOTH, Judge.
This cause is before us on appeal from a final judgment for money damages entered upon a jury verdict in favor of appellee, Thomas Committe (Committe), and, on cross appeal, from a final order denying prejudgment interest and disallowing the cost of Committe's expert witnesses.
*534 On appeal appellant contends the trial court erred in (1) allowing testimony as to the increase in value of Digital Systems of Florida, Inc. (Digital), and (2) in overruling Digital's objection to the opinion testimony of Professor G. Lawrence Roberts. On cross appeal, appellee contends the trial court erred (1) in disallowing his expert witness fees, and (2) in denying him prejudgment interest.
Digital, was formed in 1975 by two men, Wallace Yost and Sandy Sansing, who had been employed by Burroughs Corporation as salesmen of computer equipment. The men developed a turn-key system of minicomputers which included both hardware and software design for particular types of operation, such as those of accountants, lawyers, and contractors. The business, which had grown rapidly, began experiencing financial difficulties.
In the spring of 1979, Yost and Sansing consulted Committe,[1] a member of the faculty at the University of West Florida in accounting and finance, making $37,000 for a nine-month contract. Thereafter, Committe performed services for Digital during an eight and one-half month period and was successful in helping solve the company's pressing problem of credit and cash flow with its sole supplier of hardware, Digital Equipment Corporation (DEC).
There was no written contract regarding the services to be rendered Digital or how much Digital would pay Committe. Committe's response to Digital, when asked how much his services would cost, was essentially that the matter would be talked about after the services were rendered and that then the parties would arrive at a reasonable figure. The fact that the parties never arrived at a reasonable figure formed the basis of Committe's suit for money damages against Digital.
At trial, the issue arose as to whether evidence showing an increase in the value of Digital based upon the price that its stock sold for in early 1981 (after Committe's services were performed) would be allowed. The court received the proffered testimony that, in connection with an application for a loan, Digital had accepted Committe's evaluation of its stock in 1979 at $10,000,000, and thereafter, Digital's line of credit with DEC increased. In early 1981, Wyly Corporation purchased Digital's stock for $16,300,000. Digital objected to this testimony as being irrelevant in determining the reasonable value in the community for the type of services rendered by Committe. The court overruled the objection, and the testimony was allowed for the purpose of showing that Committe had rendered a valuable service.
Evidence presented by Committe regarding the reasonable value of his services included the testimony of Terry Hoag, a partner in Peat-Marwick International, an international accounting, audit, tax and management consulting firm, and of G. Lawrence Roberts, a professor of business administration and economics at the University of Tampa. Mr. Hoag testified that, in his opinion, Committe's work at Digital was comparable to that which would be performed and directed by a senior partner level consultant. During Professor Roberts' testimony, he was asked whether he knew the selling price of Digital. Digital's objection to such testimony as irrelevant was overruled. Professor Roberts was then asked for his opinion as to the reasonable value of the services rendered by Committe, considering, among other things, the value of Digital before Committe's services and the price for which Digital was sold. Digital again objected on the ground that an improper measure of damages would be used. The jury was excused for argument on the issue. Thereafter, the court indicated that the amount to be paid to Committe should not be based upon the increase in value of Digital. The court's rulings on the issue, as set forth below, are instructive:

*535 Before you make your argument, let me tell you what I'm thinking. What you're asking this witness to do is give an opinion as to the value of the services rendered by Dr. Committe based upon the fact there's been appreciation in the value of the business from ten million to sixteen point three million. I think that's incorrect. You're asking him to assume that as one of the items upon which he is going to make his statement as to the fee that Dr. Committe would be entitled, and I think that's incorrect.
... .
I know what I ruled on yesterday and I can see where you're assuming that I'm  that the same ruling should apply here. I just take issue with using the cold hard figures of increasing the value from ten million to sixteen point three million as being the basis for this witness's answer  one of the bases for this witness's answer. There's something wrong with it. It seems like to me we're looking at it from a contingent fee contract, you know, is the witness entitled 
... .
Well, this is what I'm confronted with and this is the decision that I think is controlling and that's the Salutek [Solutec Corporation v. Young & Lawrence Associates, Inc., 243 So.2d 605 (Fla. 4th DCA 1971)] decision. "The measure of recovery in a case of this type is the reasonable value of the labor performed and the market value of any materials furnished and not the value to the defendant that the completed project represents." And that's what you're asking this witness about, is the value of the completed project from ten million to sixteen point three million.
... .
Well, this is what I  this is the way I see it and I can see that this is where the jury might take your basis. You're asking them to consider the fact that there was an increase from ten to sixteen point three million.
... .
Well, you tell me where I'm thinking wrong. One of the things you're asking him to take into consideration is the fact that the business increased in value from ten million to sixteen point three million. That's what you're asking him to consider and that's what this case says you're not supposed to consider.
... .
All right. How about rather than using cold hard figures of ten million and sixteen million, and I'm not suggesting this as being something that I would accept  a bland statement to the effect that there was some appreciation in the value of the business from the time that Mr.  Dr. Committe went to work for the defendant and  in between the time of the sale of the company to Wyly Texas.
... .
JUDGE: Okay. I understand  I think I understand. What they're saying is that this is not a measure of damages. The measure of damages will not be based directly on an increase from ten to sixteen point three million, but that is just one item to consider as one of the services rendered 
... .
JUDGE: I'm going to overrule the defense's objection and I'm going to permit you to ask that question basically as you have presented it to the Court now with the understanding that there will be some specific instruction to the jury to the effect that they are not to consider the increase in value of the business from ten to sixteen point three million in determining the fee to be allowed Dr. Committe. Somehow it's going to be worded in the instructions so it will be understood that that was just one criteria  one aspect of the services rendered. Somehow in the instructions to the jury, we're going to have to clarify the fact that that is not to be considered by them.
The trial court overruled Digital's objection to the question, asking Roberts for his opinion as to the reasonable value of the services rendered by Committe. Digital again objected to the question on the *536 ground that it was "irrelevant in its totality because this witness (Roberts) has not shown any familiarity with charges for similar services in this community and that is the only thing that should be presented as far as the amount to be recovered is concerned." The court also overruled this second objection. Figures given by Professor Roberts as to the reasonable value of Committe's services were: "Between, on the low side, $200,000, and the high side, $400,000." On cross-examination, Professor Roberts testified that he had "considered" the increase in value of Digital in arriving at his figures.
Professor Roberts also testified, on cross-examination by Digital, that a senior partner in a national accounting firm would earn at least $200,000 a year. This testimony was not based on the increase in value of Digital's stock and is not subject to objection on that ground.
Digital presented the deposition of Fredrick Cook, who was hired by Digital as a full-time consultant to perform services which Digital alleged were the same type as those performed by Committe on a part-time basis. Digital paid Cook $37,500 a year.
The court gave the following jury instruction regarding the measure of damages:
If you find that Thomas Committe is entitled to recover damages in this case, in arriving at the amount of damages, you shall not consider the value of Digital Systems of Florida or any claimed increase in the value of it as a result of the plaintiff's services. The only reason that the Court allowed you to hear testimony about the value of the business was to assist you in deciding whether the plaintiff rendered valuable services to the defendant. If you find that the plaintiff is entitled to damages, the measure of damages would be the reasonable value of similar services in the community.
The jury rendered a verdict for Committe, finding that Digital owed Committe $92,000. Digital moved for a new trial on the following grounds, inter alia: (1) the trial court erred in overruling Digital's objection to Committe's testimony regarding the value of Digital before and after Committe allegedly performed services for Digital, and (2) the trial court erred in overruling Digital's objection to the question propounded to Professor Roberts, asking him for his opinion as to the value of the services rendered by Committe. Digital's motion for new trial was denied.
The court correctly allowed Committe to introduce evidence that Digital increased in value for the purpose of demonstrating that Digital had received a valuable service from Committe's efforts since an issue to be determined by the jury was whether Committe had, in fact, performed a valuable service for Digital. However, we agree with appellant, as did the trial court, that evidence as to the increase in Digital's value does not establish such increase was due solely to Committe's work nor is it a proper measure or standard for determining damages in a case such as this. In Moore v. Spanish River Land Co., 118 Fla. 549, 159 So. 673 (1935), the Florida Supreme Court set forth the following measure of damages in a quantum meruit suit:
When recovery is had on quantum meruit basis, the measure of recovery is not the value to the defendant, but where it involves labor performed and materials furnished, it is to be determined by the reasonable value of the labor performed and the market value of the materials furnished, and not by the determination of the value to the defendant which the completed project represents.
Accord, Solutec Corporation v. Young & Lawrence Associates, Inc., 243 So.2d 605 (Fla. 4th DCA 1971). Therefore, to the extent, if any, that Professor Roberts' opinion as to the reasonable value of Committe's work was based on the amount of the increase in Digital's value its admission would be error.[2] However, neither the expert *537 nor the jury was required to ignore the fact that the services were valuable. The jury was instructed as to the proper measure of damages, and there is evidence to support the jury's verdict in the testimony of Hoag that Committe's work was comparable to that performed and directed by a senior partner level consultant, and of Professor Roberts that a senior partner in a national accounting firm would earn at least $200,000.
Digital introduced into evidence, for the purpose of demonstrating the reasonable value of Committe's service, the deposition of Fredrick A. Cook, whom Digital hired as Committe's replacement. However, Professor Roberts testified that what Committe had done for Digital was unique, given Digital's financial situation and Committe's unusual qualifications and expertise. Therefore, it was disputed as to whether Committe's work was comparable to that for which Cook was hired. Thus, the jury's verdict of $92,000 is within the range of the conflicting evidence and is a reduction of the higher annual salary figure to allow for the shorter time period during which Committe's service was performed.
We also affirm the issues on cross appeal. The awarding of costs is within the trial court's discretion, and, here, denial was based on the failure of appellee to break down the expert fees so that charges not properly allowable as costs could be identified.[3] It has not been demonstrated that the trial court abused its discretion in disallowing payment of Committe's expert witness fees. No error is shown as to disallowance of interest prior to judgment. Palilla v. St. Paul Fire & Marine Insurance Co., 322 So.2d 46 (Fla. 1st DCA 1975), cert. denied, 336 So.2d 603 (Fla. 1976). Accordingly, the final judgment and order on motions to tax costs and determine prejudgment interest are affirmed.
AFFIRMED.
SHIVERS and JOANOS, JJ., concur.
NOTES
[1] Committe has a bachelor's degree in economics, a doctoral degree in business administration, a law degree, is a certified public account, and is the author of a textbook on management finance.
[2] The record does not demonstrate how Dr. Roberts' "consideration" of Digital's increase in value affected his testimony as to reasonable value of services by Committe.
[3] See In Re: Statewide Uniform Guidelines for Taxation of Costs in Civil Actions, Administrative Order, Florida Supreme Court, 7 FLW 517 (Fla. October 28, 1981); Reeser v. Boats Unlimited, Inc., 432 So.2d 1346, 1349 (Fla. 4th DCA 1983).