PER CURIAM.
GFR Leasing Corporation (GFR) appeals a final judgment awarding damages to appellee, Transportation Equipment Specialists, Inc. (TES), under TES’ quantum meruit counterclaim for repairs made by TES on 24 refrigerated shipping containers owned by GFR and leased by GFR to Cuban Carribean Shipping Company (CCSC), a company which had contracted with TES for the repair of the containers and, while the repairs were in process, had ceased business owing sums to GFR under the lease and to TES for the repairs. Competent, substantial evidence introduced at the bench trial supports findings that TES performed services which conferred a benefit on GFR; that after, CCSC defaulted under the lease, GFR representatives visited the TES facilities and discussed the repairs, and GFR knew TES was making repairs to the containers with an expectation of being paid; that GFR accepted and retained the benefits of the repairs by obtaining possession of the repaired containers through a writ of replevin; and that it would be inequitable under the circumstances for GFR not to pay for those benefits. Accordingly, the elements of a cause of action based on quantum meruit or quasi contract were established below. See Commerce Partnership 8098 Limited Partnership v. Equity Contracting Co., 695 So.2d 383, 386-87 (Fla. 4th DCA 1997). Further, based on the evidence in the record of the instant case, we cannot conclude that the trial court erred in awarding damages to TES based upon the amount of its unpaid invoices prepared pursuant to the repair contract with CCSC, as representing the reasonable value of TES’ labor and the market value of its material furnished in the repairs. See Moore v. Spanish River Land Co., 118 Fla. 549, 159 So. 673, 674 (Fla.1935), aff'd on reh’g, Toum of Boca Raton v. Moore, 122 Fla. 350, 165 So. 279 (Fla.1936); Digital Systems of Florida v. Committe, 472 So.2d 533 (Fla. 1st DCA 1985). Accordingly, we AFFIRM.
BOOTH, MINER AND VAN NORTWICK, JJ., CONCUR.