273 So.2d 3 (1973)
AIR TRAVEL ASSOCIATES, INC., Appellant,
v.
EASTERN AIR LINES, Inc., Appellee.
No. 72-481.
District Court of Appeal of Florida, Third District.
February 14, 1973.
James W. Swain, Miami, Petherbridge, O'Neill & Lindgren, Chicago, Ill., for appellant.
Walton, Lantaff, Schroeder, Carson & Wahl, Fort Lauderdale, Gambrell, Russell, Killorin, Wade & Forbes, and Wayne T. Elliott, Atlanta, Ga., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PEARSON, Judge.
The issue to be decided on this appeal is whether the trial court erred in directing a verdict for the defendant. The verdict was directed at the close of the plaintiff's case. Final judgment was entered and the plaintiff brings this appeal.
The burden of an appellant upon an appeal from a final judgment entered upon a directed verdict is to demonstrate that there is a proper view of the evidence under which the jury could have found for the appellant.[1] In determining a "proper view of the evidence", the appellant, as the party moved against, is entitled to all reasonable inferences to be drawn from the evidence as a whole. Hilkmeyer v. Latin *4 American Air Cargo Expediters, Inc., Fla. 1957, 94 So.2d 821.
Viewed in the light most favorable to the plaintiff-appellant, the evidence was briefly as follows. Appellant is a corporation engaged in the travel field. Its president, Robert Brown, has been an employee of the appellee airline since 1953. Brown worked out a travel marketing program whereby clubs would be formed for members of the public, and these clubs would be used in the marketing of trips. Appellant believed that such clubs could be used by the appellee to sell travel. This plan and idea was disclosed to the appellee in confidence for their mutual profit. The appellant filed an outline of its plan in the United States Patent Office, Copyright Division, and deposited two copies with the Library of Congress. Although the plan was rejected by the appellee, Eastern later developed and used a plan of its own using the "travel club" idea.
Appellant's theory for recovery is based upon its allegations that the appellee has committed a species of business tort in which it has wrongfully appropriated a novel plan belonging to appellant for which appellant ought to be compensated. See Belt v. Hamilton Nat. Bank, 108 F. Supp. 689 (D.D.C. 1952), aff'd, 93 U.S.App.D.C. 168, 210 F.2d 706 (1953); John W. Shaw Advertising, Inc. v. Ford Motor Co., 112 F. Supp. 121 (N.D.Ill. 1953). We have not been referred to any case arising in this state which discusses recovery under appellant's theory of the case. Of course, there are many cases holding that a plaintiff may recover for services performed according to a theory of implied contract. Matarese v. Moore-McCormack Lines, Inc., 158 F.2d 631 (2d Cir.1946).
It is not necessary for this court to determine whether plaintiff-appellant's theory of its case is proper because the final judgment must be sustained for a failure to prove the case alleged. The record does not contain evidence upon which a jury of reasonable men could have found that appellant's plan was either secret or novel. These elements have been held to be essential in order to establish a right to recover. Official Airlines Schedule Information Service, Inc. v. Eastern Air Lines, Inc., 333 F.2d 672 (5th Cir.1964); Mitchell Novelty Co. v. United Mfg. Co., 199 F.2d 462 (7th Cir.1952).
Affirmed.
NOTES
[1] This statement is the converse of the holding of our Supreme Court in Bourgeois v. Dade County, Fla. 1957, 99 So.2d 575:

"Under our system of trial by jury a case should not be withdrawn from the jury's consideration unless as a matter of law no proper view of the evidence could possibly sustain the position of the party against whom the verdict is directed."
See Burch v. Strange, Fla.App. 1961, 126 So.2d 898.