278 So.2d 631 (1973)
Scott Wayne CUNNINGHAM, a Minor, by and through His Mother and Next Friend, Jill McGee and Jill McGee, Individually, Appellants,
v.
Frank P. ROMANO and Care Care, Inc., an Illinois Corporation, Appellees.
No. 72-607.
District Court of Appeal of Florida, Third District.
April 10, 1973.
On Rehearing June 5, 1973.
Horton, Schwartz & Perse, Miami, Cohen & Cohen, for appellants.
Fowler, White, Humkey, Burnett, Hurley & Banick and A. Blackwell Stieglitz, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PEARSON, Judge.
The appellants are a minor and his mother. They were both injured as a result of an intersectional collision. The appellant, Jill McGee, was driving and the child, Scott Wayne Cunningham, was an infant passenger. The appellee, Frank P. Romano, was the driver and Car Care, Inc. was the owner of the second car. The appellants were the plaintiffs in the trial court and they appeal a final judgment and an order granting new trial. The order entered upon the post-trial motions prescribed as follows: (1) it granted defendants' motions for directed verdict made at the conclusion of the trial, and (2) it *632 granted defendants' motion for a new trial in event the judgment based upon directed verdict should be reversed upon appeal.
On May 6, 1971, the date of the collision, Frank P. Romano was driving northbound on N.W. 22nd Avenue approaching N.W. 103rd Street in Dade County, Florida, where he intended to make a right turn. There were three northbound and three southbound lanes. Romano had entered N.W. 22nd Avenue about ten blocks from the scene of the accident. He drove in the middle northbound lane until he arrived at a point approximately three blocks from the scene of the accident which occurred at the intersection of N.W. 22nd Avenue and N.W. 102nd Street. Traffic appeared to get more congested and in order to escape this congestion, he moved into the right lane. The right lane was clear ahead to N.W. 103rd Street and Romano continued northbound at about thirty-five miles per hour. As he approached the intersection of N.W. 22nd Avenue and N.W. 102nd Street, Romano noted the traffic had stopped in the lanes to his left. He released his accelerator and was continuing toward the intersection with N.W. 103rd Street when the accident occurred.
As Romano approached N.W. 102nd Street, he noted a trailer truck stopped just before the intersection in the middle northbound lane. The truck blocked Romano's field of vision to his left into the southbound lanes. Jill McGee was proceeding southbound on N.W. 22nd Avenue intending to turn left at the intersection at N.W. 102nd Street. She stopped on N.W. 22nd Avenue and N.W. 102nd Street facing southbound and waited to make a left turn. The traffic in the northbound left and center lanes had stopped leaving a pathway through the intersection. The driver of an automobile in the left lane waved her on as did the truck driver stopped in the center lane. She proceeded through these lanes and into the right lane and saw Romano immediately before impact. Romano did not see the plaintiff's vehicle before a moment preceding impact. There was testimony that at the time of the impact, the Romano vehicle was going between thirty and thirty-five miles per hour and laid down fourteen feet of skid marks.
At the conclusion of the trial, the court properly instructed the jury on the law of negligence including an instruction to the effect that any negligence of appellant would not be imputed to her infant child. After deliberating for slightly more than an hour the jury reported the following verdict: "We, the jury, find for the defendants guilty with negligence on both sides." Thereafter, a colloquy between court and counsel ensued during which counsel for both sides stated that the jury should be recharged.
After retiring for the second time the jury reported the following verdicts:
* * * * * *
"We, the jury, find for the plaintiff, Scott Wayne Cunningham, and assess his damages in the sum of $25,000, and for the plaintiff, Jill McGee, and assess her damages in the sum of $1,000. So say we all, ...".
* * * * * *
"We, the jury, find for the defendants guilty. So say we all, ...".
At this point, after a motion for mistrial by counsel for the defendants, the trial court entered an order which was later vacated by a subsequent order which provided, in pertinent part, as follows:
* * * * * *
"IT IS FURTHER ORDERED AND ADJUDGED that the defendants' Motions for Entry of Judgment in accordance with Motions for Directed Verdict be, and the same are, hereby granted, or in the alternative, should this Order be reversed on appeal, the defendants' Motion for New Trial be, and the same is, hereby granted as it is the finding of this Court that:
"The verdict forms returned by the jury are inconsistent as a matter of law.

*633 "The verdict forms returned by the jury manifest either the misunderstanding or disregard of the Court's instructions with respect to the law applicable in this case.
"The verdicts returned by the jury disclose reasonable grounds upon which to conclude that the jury acted through mistake or other improper cause.
"The verdicts are against the manifest weight of the evidence."
Then, in accordance with this order granting appellees' motions for directed verdict, the trial court entered the final judgment appealed.
The appeal from the directed verdict turns upon the question of whether as a matter of law there was a proper view of the evidence which could sustain a verdict for the plaintiffs. Bourgeois v. Dade Co., Fla. 1957, 99 So.2d 575; Air Travel Associates, Inc. v. Eastern Air Lines, Inc., Fla.App. 1973, 273 So.2d 3. We must consider the answer to the governing question for each plaintiff. The passenger is entitled to have his case go to the jury without regard to an issue of the possible contributory negligence of the plaintiff-driver. Thus, the question is whether there is any evidence upon which a jury could reasonably find the defendant-appellee negligent. We hold that the evidence viewed in the light most favorable to the party moved against presented an issue as to the defendant-appellee's negligence. It is obvious that the jury, after hearing all the evidence, found that the defendant-driver was negligent, since each of the verdicts returned can only be explained upon such a finding. Cf. Cory v. Greyhound Lines, Inc., Fla. 1971, 257 So.2d 36.
Having reached the conclusion that there was sufficient evidence of the defendant-driver's negligence to go to the jury, we must now consider whether the evidence of the plaintiff-driver's contributory negligence is so clear and uncontradicted that it appears as a matter of law that the jury must find her contributorily negligent. Such a situation is rare in intersectional collision cases. A holding that a plaintiff is guilty of contributory negligence as a matter of law must be based upon uncontradicted facts. It is admitted that the plaintiff-driver did move into a lane where her view of oncoming traffic was partially blocked. There are inferences which must be drawn from many evidentiary facts in determining the question of contributory negligence here. A jury must determine from all the evidence whether the plaintiff-driver was free from negligence considering the limited view and the manner in which she entered the lane of traffic. In order to do so, the jury must find from the evidence the size of the opening in traffic, the speed of the defendant-driver, and the care the plaintiff-driver displayed. We hold therefore that the final judgment based upon the directed verdict must be reversed as to both appellants.
The order granting a new trial brings into consideration the discretion of the trial judge. It is intelligently argued that the grounds holding the verdict forms inconsistent and improper do not build a foundation for the order granting a new trial. But we need not determine the propriety of these grounds since we consider the following statements of the trial court to be sufficient:
"The verdicts returned by the jury disclose reasonable grounds upon which to conclude that the jury acted through mistake or other improper cause.
"The verdicts are against the manifest weight of the evidence."
They find some support in the record and the trial judge's discretion will not be interfered with in this area. See Kight v. American Eagle Fire Ins. Co. of New York, 131 Fla. 764, 179 So. 792 (1938); Sawyer v. Dawson, Fla.App. 1968, 215 So.2d 764.
*634 Accordingly, the final judgment is reversed and the order granting new trial is affirmed. The cause is remanded for further proceedings.
Affirmed in part, reversed in part, and remanded.

ON PETITION FOR REHEARING GRANTED
PER CURIAM.
The appellants filed a timely petition for rehearing after the opinion on this appeal was filed. The substantial question presented is stated by the appellants as follows:
* * * * * *
"5. With regard to the minor plaintiff who was an innocent passenger in the front seat of appellant's vehicle, and to whom the negligence of appellant cannot, as a matter of law, be imputed, this latter holding is inconsistent with the Court's holding that the record reflects jury issues relating to the existence of negligence, vel non, on the part of both drivers involved in this accident. At least with regard to the minor plaintiff, the order granting new trial should have been reversed for this reason alone."
* * * * * *
We granted the petition and heard argument on the issue stated. We recognize that in view of the facts of this case the only legal basis upon which a verdict for the defendant-appellee upon the claim of the minor plaintiff can stand is a finding by a jury that the negligence of the defendant did not contribute to the injury of the minor plaintiff. Our view of the record is that such a conclusion would not be supportable on the present record. Nevertheless, we have determined that we must adhere to our prior decision because of the broad discretion rule enunciated in Cloud v. Fallis, Fla. 1959, 110 So.2d 669. See Russo v. Clark, Fla. 1962, 147 So.2d 1; Danek v. Hoffman, Fla.App. 1966, 189 So.2d 893. Cf. Ashland Oil, Inc. v. Pickard, Fla.App. 1972, 269 So.2d 714.
Accordingly, upon petition for rehearing granted, we adhere to the opinion as written.