ON PETITION FOR REHEARING GRANTED
PER CURIAM.
This court having granted a petition for rehearing in this cause and heard further argument, it appears that the court overlooked the answer filed by the defendants, which raised the question of comparative negligence. The court also overlooked its decision in Cunningham v. Romano, 278 So.2d 631 (Fla. 3rd DCA 1973). Following review of the Cunningham decision, it appears to be analogous to the instant case and, therefore, we reverse the summary judgment here under review and return the matter to the trial court for a full trial on the issues as to the negligence of each of the parties as made by the pleadings.
In Cunningham v. Romano, supra, the following statement is found at page 633:
iji jjc sjt jfc 5¡<
“Having reached the conclusion that there was sufficient evidence of the defendant-driver’s negligence to go to the jury, we must now consider whether the evidence of the plaintiff-driver’s contributory negligence is so clear and un-contradicted that it appears as a matter of law^that the jury must find her con-tributorily negligent. Such a situation is rare in intersectional collision -cases. A holding that a plaintiff is guilty of contributory negligence as a matter of law must be based upon uncontradicted facts. It is admitted that the plaintiff-driver did move into a lane where her view of oncoming traffic was partially blocked. There are inferences which must be drawn from many evidentiary facts in determining the question of contributory negligence here. A jury must determine from all the evidence whether the plaintiff-driver was free from negligence -considering the limited view and the manner in which she entered the lane of traffic. In order to do so, the jury must find from the evidence the size of the opening in traffic, the speed of the defendant-driver, and the care the plaintiff-driver displayed. *' * * ”
>(« ?}i ;jc ‡ ‡ ;¡c
Therefore, the final summary judgment here under review be and the same is hereby reversed, and the matter is returned to the trial court for further proceedings not inconsistent herewith.
Reversed and remanded, with directions.