534 So.2d 1216 (1988)
Connie ALDEBOT, Appellant,
v.
Colleen M. STORY, Appellee.
No. 88-1347.
District Court of Appeal of Florida, Third District.
December 6, 1988.
Rehearing Denied January 11, 1989.
Witlin & Witlin, and Ira M. Witlin, Miami, for appellant.
Howard J. Hochman, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
*1217 PER CURIAM.
Connie Aldebot filed a complaint for damages against the personal representative of the estate of Earl Martin, seeking compensation for nursing and attendant care provided to Martin for five years prior to his death. Aldebot alleged entitlement to payment "on a quantum meruit basis, under the equity powers of this Court." At the beginning of the bench trial, the trial court limited the issue of quantum meruit to the two-year period preceding Martin's death. Several witnesses testified on Aldebot's behalf. At the close of Aldebot's case, the trial court ruled that Aldebot had failed to establish a prima facie case and dismissed the action with prejudice. Aldebot appeals from the judgment of dismissal. For the reasons which follow, we reverse.
Quantum meruit describes the extent of liability on a contract implied in law. See, e.g., Moore v. Spanish River Land Co., 118 Fla. 549, 159 So. 673 (1935); Boyce Constr. Corp. v. District Bd. of Trustees of Valencia Community College, 414 So.2d 634 (Fla. 5th DCA 1982). As opposed to express contracts and contracts implied in fact, where the assent of the parties is required, "contracts implied in law, commonly called `quasi contracts,' are obligations imposed by law on grounds of justice and equity, and do not rest upon the assent of the contracting parties." Tipper v. Great Lakes Chem. Co., 281 So.2d 10, 13 (Fla. 1973). Courts will find the existence of an implied contract of employment where "services were performed under circumstances fairly raising a presumption that the parties understood and intended that compensation was to be paid." Id. at 13. Absent such circumstances, the person seeking compensation is no more than an "officious intermeddler." Id. See Hermanowski v. Naranja Lakes Condominium No. Five, Inc., 421 So.2d 558 (Fla. 3d DCA 1982) (cable television improvements which were officiously supplied by partnership did not involve unjust enrichment so as to permit recovery on quantum meruit basis), rev. denied, 430 So.2d 451 (Fla. 1983).
The record on appeal does not support the proposition that Aldebot was "no more than an officious provider of services." Hermanowski, 421 So.2d at 560. Bela Olasz, the manager of the apartment house where Martin lived, gave uncontroverted testimony that Martin had asked him for the name of a nurse for hire. Olasz recommended Aldebot and later introduced Aldebot to Martin. Aldebot testified, without contradiction, that she chauffeured Martin, monitored his blood pressure, cooked and cleaned for him, and performed general nurse's aide work. There was unrebutted testimony from Dr. Jeffrey Tardiff that Aldebot provided personal, nursing-home-type care, and, in that capacity, she had brought Martin and other patients to see Dr. Tardiff.
The testimony presented does not indicate that Martin sought out free services from an "admirable volunteer." Rather, the circumstances raise a fair presumption that Aldebot was to be paid for her services. See Nursing Care Servs., Inc. v. Dobos, 380 So.2d 516 (Fla. 4th DCA 1980) (where patient was fully aware of her circumstances and readily accepted benefits conferred by nursing care corporation during period of at-home care, contract implied in law was established and patient was liable for services rendered). The rule set forth in Yeats v. Moody, 128 Fla. 658, 661, 175 So. 719, 720 (1937), is controlling.
It is well settled that where services are rendered by one person for another which are knowingly and voluntarily accepted, without more, the law presumes that such services are given and received in the expectation of being paid for, and will imply a promise to pay what they are reasonably worth.
Accordingly, the judgment of dismissal is vacated, and the cause is remanded for a new trial on damages.
REVERSED AND REMANDED.