558 So.2d 79 (1990)
George L. GARRIDO, Individually, and the Garrido Group Advertising, Inc., Appellants,
v.
BURGER KING CORPORATION, a Florida Corporation, and Thomas Kupciunas, Individually, Appellees.
No. 88-483.
District Court of Appeal of Florida, Third District.
February 27, 1990.
*80 Bailey, Dawes & Hunt and Mercedes C. Busto, Miami, and Aldo Busot, Jr., Coral Gables, for appellants.
Adams, Hunter, Angones, Adams, Adams and McClure, Miami, Breed, Abbott & Morgan and Stephen R. Lang and Brian L. Sullivan and Howard S. Wolfson, New York City, for appellees.
Before NESBITT, FERGUSON and LEVY, JJ.
NESBITT, Judge.
George L. Garrido and his firm, The Garrido Group Advertising, Inc. [Garrido], appeal from a grant of summary final judgment in favor of the Burger King Corporation and Thomas Kupciunas [Burger King] entered on the ground of lack of subject matter jurisdiction. Garrido's complaint raised a number of legal theories based on Burger King's allegedly unauthorized and uncompensated use of ideas contained in a proposed advertising campaign. Based on the following rationale, we affirm the summary judgment inasmuch as it concerns the causes of action for conversion, theft and conspiracy. However, we reverse the summary judgment and remand for further proceedings on the claims for misappropriation, misrepresentation and implied contract.

Background Facts
In 1985, George Garrido, president of Garrido Group, an advertising company, telephoned defendant Thomas Kupciunas, Burger King's Vice President of Marketing, offering to make a presentation of a proposed advertising campaign. Burger *81 King employees agreed to meet with Garrido representatives. At the subsequent meeting, which was the sole meeting between the parties, Garrido and two of his employees made their presentation to Kupciunas and two other Burger King employees. As part of the presentation, which focused on reaching the general fast food consumer market, and specifically, Hispanic consumers, the Garrido Group presented various written and visual materials, including a television storyboard, a series of slides, a demonstration tape of a musical jingle and a creative strategy statement. In the complaint, Garrido alleged that the proposed campaign was "to impress on the consumer's mind the specific notion that `everywhere you go in America there is a Burger King town.'" As the presentation materials demonstrate and as the complaint alleges, the campaign themes were, "It's my Whopper, it's by Burger King" and "It's my town, it's my Burger King."
At the close of the presentation, Kupciunas told Garrido to contact him in seven weeks. Garrido called Kupciunas seven weeks later and several times after that, but was never able to speak with Kupciunas. Then, approximately nine months later, Burger King began an advertising campaign called "Burger King Town."
Garrido subsequently filed this suit, alleging the following causes of action against Burger King:
1) misrepresentation
2) breach of implied contract
3) misappropriation
4) conversion
5) theft pursuant to section 812.014(1), Fla. Stat. (1985)
6) conspiracy.
The misrepresentation, conversion, and conspiracy claims were also alleged against Kupciunas individually.
Defendants ultimately moved for summary judgment on the ground that all the claims were preempted by the Copyright Act of 1976, 17 U.S.C. section 301. Summary judgment was granted and this appeal ensued.

Conspiracy Claim
We first address the cause of action for conspiracy. We hold that based on the bare allegations alleged in the complaint, the trial court correctly judged there to be no genuine issue of material fact as to plaintiff's cause of action for conspiracy against Burger King and its employee, Kupciunas. See e.g., Green v. First Am. Bank and Trust, 511 So.2d 569, 573 (Fla. 4th DCA 1987), ("An appellate court will affirm an order of a trial court on appeal consistent with any theory revealed by the record, regardless of the reasons stated in the order under review."), review denied, 520 So.2d 584 (Fla. 1988). According to the complaint, Kupciunas acted "within the scope of his employment" and "pursuant to his authority as employee and agent of Burger King." There was no allegation that Kupciunas acted in a personal capacity apart from his employee status. A corporation cannot conspire with its own directors, officers or employees. Hackett v. Metropolitan Gen. Hosp., 422 So.2d 986, 988 n. 2 (Fla. 2d DCA 1982); Buckner v. Lower Florida Keys Hosp. Dist., 403 So.2d 1025, 1029 (Fla. 3d DCA 1981), review denied, 412 So.2d 463 (Fla. 1982).

Copyright Preemption
The Copyright Act applies to causes of action based on "works of authorship that are fixed in a tangible medium of expression." 17 U.S.C. § 301(b)(1) (1976). A work falls into the subject matter covered by the Copyright Act even if the work "fails to achieve Federal statutory copyright because it is too minimal or lacking in originality to qualify, or because it has fallen into the public domain." H.R. Rep. No. 1476, 94th Cong., 2d Sess. at 131, reprinted in 1976 U.S.Code Cong. & Admin. News at 5659, 5747. The act does not preclude others from using ideas or information revealed in an author's copyrighted work; instead it protects only the author's original written form of expression of his ideas and information. See Mazer v. Stein, 347 U.S. 201, 217-18, 74 S.Ct. 460, 470-71, 98 L.Ed. 630 (1954); Suid v. Newsweek Magazine, 503 F. Supp. 146 (D.D.C. 1980); *82 17 U.S.C. § 102(b). In other words, even though the ideas embodied in a copyrighted work are not themselves protected by copyright, they are preempted by the Copyright Act. U.S.C. 17 § 102(b). 17 U.S.C. section 102(b) states:
In no case does copyright for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery regardless of the form in which it is described, explained, illustrated, or embodied in such work.
It has been written that:
Section 102(b) is an embodiment of the idea-expression distinction in copyright law. The distinction between idea and expression, or the "idea-expression dichotomy" as it is often called, is the term of art used in copyright law to indicate the elements in a copyrighted work which the grant of the copyright monopoly does not take from the public. It differentiates those elements in a copyrighted work which are protected from those which may be freely copied and plagiarized by the public. It is a limit of the protection extended by the statutory monopoly of copyright to subject matter included under [the act], not a definition of excluded subject matter.
Abrams, Copyright, Misappropriation, and Preemption: Constitutional and Statutory Limits of State Law Protection, 1983 Sup.Ct.Rev. 509, 563 (footnotes omitted).
In this case, the written and visual advertising materials plaintiffs presented to Burger King were copyrightable; thus, the ideas portrayed in those materials fell into the subject matter preempted by the Copyright Act. See Flemming v. Ronson Corp., 107 N.J. Super. 311, 258 A.2d 153, 157 (1969), aff'd, 114 N.J. Super. 221, 275 A.2d 759 (1971).
Nevertheless, state law causes of action are not totally preempted by the federal act. Only those causes of action that involve rights equivalent to those protected by the act are preempted. 17 U.S.C. § 301(a) (1976). Section 106 of the act states that the rights within the general scope of copyright are those which prohibit reproduction, performance, distribution or display of a work. 17 U.S.C. § 106; 1 Nimmer on Copyright § 1.01[B] at 1-11 (1987). Therefore, those state law causes of action which contain an element qualitatively different from a copyright infringement claim may be maintained. 17 U.S.C. § 301; Nimmer, § 1.01[B] at 1-11 to 1-12.
As previously stated, the advertising materials which were the tangible expression of the plaintiff's ideas in the instant case fall within the subject matter of copyright. Consequently, protection of the ideas embodied in those materials is precluded according to the terms of the Copyright Act if plaintiff's causes of action are "equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106." Crow v. Wainwright, 720 F.2d 1224, 1225-26 (11th Cir.1983), cert. denied, 469 U.S. 819, 105 S.Ct. 89, 83 L.Ed.2d 35 (1984).

Application of the Copyright Act to Plaintiff's Claims

a. Conversion and Theft Claims
Plaintiff's claims for conversion and theft of the advertising campaign ideas conveyed to Burger King are preempted under section 301(a) of the act because the elements of those claims are equivalent to those protected and thus preempted by the act. The gravamen of these two claims is the unauthorized taking and/or use of the ideas embodied in Garrido's advertising materials. The elements required to prove each of these claims are not qualitatively different from those required to prove copyright infringement. See Ehat v. Tanner, 780 F.2d 876 (10th Cir.1985), cert. denied, 479 U.S. 820, 107 S.Ct. 86, 93 L.Ed.2d 39 (1986); Harper & Row Publishers, Inc. v. Nation Enters., 723 F.2d 195 (2d Cir.1983), rev'd on other grounds, 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985); Crow v. Wainwright, 720 F.2d at 1224.

b. Misappropriation Claim
The claim of misappropriation is not so easily disposed of. As stated in Nash v. CBS, Inc., 704 F. Supp. 823, 834 (N.D.Ill. *83 1989), "The `goal' underlying copyright law is the same as that driving the tort of misappropriation: balancing the need to provide economic incentives for authorship against the preservation of the freedom to imitate." In passing the Copyright Act, Congress did not intend to eliminate totally any form of the tort of misappropriation. "`Misappropriation' is not necessarily synonymous with copyright infringement and thus a cause of action labeled as `misappropriation' is not preempted if it is in fact based neither on a right within the general scope of copyright ... nor on a right equivalent thereto." House Judiciary Committee Report on the 1976 Amendments to the Copyright Act, No. 1476 at 132 reprinted at 17 U.S.C.A. § 301.
Plaintiff attempts to take its cause of action for misappropriation out of the realm of Copyright Act preemption by claiming that the ideas were disclosed in confidence to Burger King. In Air Travel Assocs., Inc. v. Eastern Air Lines, Inc., 273 So.2d 3 (Fla. 3d DCA 1973), this court noted that a plaintiff must prove that the idea allegedly misappropriated was both secret and novel in order to recover. See Official Airlines Schedule Information Serv., Inc. v. Eastern Air Lines, Inc., 333 F.2d 672 (5th Cir.1964) [hereinafter OASIS] (essential elements of an idea misappropriation claim are that the idea was revealed in confidence and that the idea was novel). Based on the forgoing authorities, we hold that the allegations that Garrido's ideas were novel and confidentially conveyed to Burger King with the expectation of payment for their use and then misappropriated by the defendants state a cause of action which takes the claim outside Copyright Act preemption.

c. Implied Contract Claim
Plaintiff claims that Kupciunas, in his representative capacity as Burger King's vice president for marketing, implicitly agreed to pay Garrido for the value of its ideas if Burger King decided to use them. "A party may by contract agree to pay for ideas, even though such ideas could not be protected by copyright law. Rights under such an agreement are qualitatively different from copyright claims, and their recognition creates no monopoly in the ideas involved." Smith v. Weinstein, 578 F. Supp. 1297, 1307 (S.D.N.Y.) aff'd, 738 F.2d 419 (2d Cir.1984). In this case, Garrido claims that it "presented the advertising proposal with the understanding that it was a business proposal, and that Burger King would not use [the] advertising proposal ... without compensation." Plaintiff claims that it relied on this understanding in disclosing its ideas to Burger King. It further claims that Burger King in fact used the ideas and thus should compensate Garrido. Therefore, because the elements of this claim are qualitatively different from those encompassed by the Copyright Act, we hold that these allegations state a cause of action for breach of implied-in-fact contract which is not preempted by that act.

d. Misrepresentation Claim
By the same token, the cause of action for misrepresentation is not preempted by the act since it raises the additional element of deceptive or fraudulent conduct in entering into a contract which is not an element covered by the act. See, Smith v. Weinstein, 578 F. Supp. 1297; c.f. Donald Frederick Evans and Assocs., Inc. v. Continental Homes, Inc., 785 F.2d 897, 914 (11th Cir.1986) (allegations of deceptive or fraudulent conduct take unfair competition claim outside copyright subject matter).

e. Novelty or Originality of Idea Requirement
Having held the misappropriation, misrepresentation, and breach of contract claims not to be excluded by the Copyright Act, we are next required to address the elements necessary to prove these causes of action when they involve the conveyance of an idea. While there is no Florida case addressing the exact factual situation before us here, the federal Fifth Circuit stated in OASIS, supra at 673-74: "[T]he idea must be novel; (2) the disclosure of the idea must be made in confidence, and (3) the idea must be adopted and made use of *84 by the defendant." See Air Travel Assocs., Inc., 273 So.2d at 3. Courts adopting this rule have grounded it on the principle that an idea does not constitute property unless it is novel, and thus no recovery can be had for use of an "unnovel" idea. See e.g. Murray v. Nat'l Broadcasting Co., Inc., 671 F. Supp. 236 (S.D.N.Y. 1987), aff'd, 844 F.2d 988 (2d Cir.), cert. denied, ___ U.S. ___, 109 S.Ct. 391, 102 L.Ed.2d 380 (1988). "[W]hen one submits an idea to another, no promise to pay for its use may be implied, and no asserted agreement enforced, if the elements of novelty and originality are absent, since the property right in an idea is based upon these two elements." Downey v. General Foods Corp., 31 N.Y.2d 56, 61, 334 N.Y.S.2d 874, 286 N.E.2d 257 (1972); see Lehman v. Dow Jones & Co., Inc., 783 F.2d 285, 300 (2d Cir.1986).
An original or novel idea is not merely an innovative representation or adaptation of existing knowledge. It is not a variation on a theme. See Murray, 844 F.2d at 992-93. As stated in Educational Sales Programs, Inc. v. Dreyfus Corp., 65 Misc.2d 412, 317 N.Y.S.2d 840, 843 (N.Y. Sup. 1970), "Not every good idea is a legally protectible idea." The court went on to state, "An agreement premised on the disclosure of a secret is a blind deal. When the purveyor of that secret exacts a promise of confidentiality, he knows what he is dealing with, but the recipient is in the dark. The enforcibility of such a threshold agreement  a promise in exchange for a revelation  turns on the value of the disclosure." 317 N.Y.S.2d at 844. If the idea revealed turns out to be one already within the public domain, then it can not constitute a protectible property right which can be misappropriated or contracted for. Consequently, the novelty requirement prevents a person from being able "by contract [to] monopolize an idea that is common and general to the whole world." Soule v. Bon Ami Co., 201 App.Div. 794, 796, 195 N.Y.S. 574, 575 (1922), aff'd, 235 N.Y. 609, 139 N.E. 754 (1923). For these reasons, we adopt the novelty requirement in cases involving state law causes of action based on the conveyance of an idea.
In the instant case, Burger King did not raise the novelty issue as grounds for summary judgment. Defendant moved for summary judgment exclusively on the ground that all of plaintiff's causes of action fell within the scope of the federal Copyright Act and thus the state court was without subject matter jurisdiction to entertain the suit. The trial court heard oral argument on the claim contained within this motion. The court did not determine the novelty issue nor make any factual findings on any other issue.
Florida Rule of Civil Procedure 1.510(c) provides that a motion for summary judgment "shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued." The purpose of this rule is to put the opposing party on notice as to the grounds which the moving party will assert. See Cheshire v. Magnacard, Inc. 510 So.2d 1231 (Fla. 2d DCA 1987); Swift Independent Packing Co. v. Basic Food Int'l, Inc., 461 So.2d 1017 (Fla. 4th DCA 1984).
Burger King claims, however, that there is sufficient evidence in the record to uphold the summary judgment based on the ground that Garrido's advertising proposal is not novel, regardless of whether this court finds that certain causes of action are not preempted by the act. It is true that in his order granting summary judgment the trial judge noted, "Parenthetically, the core of the `idea' which plaintiffs purportedly conveyed in the materials presented to Burger King in the summer of 1985 would appear to be anything but novel." However, in order to decide the novelty issue, factual inquiries leading to a determination of the merits of the case are required; the motion for summary judgment submitted by Burger King and granted by the trial judge required a purely legal decision on subject matter jurisdiction.
Burger King claims there is evidence in the record showing conclusively that Garrido's ideas were not novel and furthermore that its 1985 advertising campaign, which was allegedly based on Garrido's ideas, was simply a recycling of a prior campaign *85 it aired nationwide in 1976 and 1977. However, appellants have not had an opportunity to rebut those claims, nor has the trial court ruled on these disputed factual issues. Accordingly, this court refrains from affirming summary judgment on the ground that Garrido's ideas were not novel. Instead, we are required to reverse and remand for further proceedings at which point the trial court may assess the evidence and proceed further.
Affirmed in part, reversed in part and remanded.