[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11940
Non-Argument Calendar

_____

D.C. Docket No. 8:08-cv-00747-EAK-TGW

LIOUDMILA LUNKEVICH DYER,

Plaintiff-Appellant,

versus

WAL-MART STORES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 29, 2013)

Before HULL, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Lioudmila Lunkevich Dyer, pro se, appeals the district court's amended

order granting Wal-Mart's motion to dismiss for failure to state a claim, under

Fed.R.Civ.P. 12(b)(6), in her action brought pursuant to diversity jurisdiction, 28

U.S.C. § 1332(a).  On appeal, Dyer argues that the district court (1) erred in dismissing her complaint for failure to state a claim for unjust enrichment, quantum meruit or quasi contract, and misappropriation; (2) abused its discretion in denying her request for default judgment; (3) converted Wal-Mart's motion to dismiss into a motion for summary judgment, and (4) erred by failing to enter a separate judgment after entering an amended judgment.[1]  After careful review, we affirm in part and dismiss in part.[2]

---

[1]    Dyer asserts for the first time on appeal that (1) she had raised an employment discrimination claim in the district court, (2) Wal-Mart's policy regarding idea sharing is unlawful, and (3) the court should have considered Stuart Dyer's efforts with regard to the cash-register idea.  Accordingly, we will not consider these arguments.  See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).  Dyer also has waived any argument based on claims of intentional infliction of emotional distress or a theory of express contract, because she failed to raise any argument in this regard on appeal.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

[2]    We have, as we are obliged to do, examined our own jurisdiction sua sponte.  Finn v. Prudential-Bache Sec., Inc., 821 F.2d 581, 584-85 (11th Cir. 1987).  In this case, we sua sponte raised a question of diversity jurisdiction.  Generally, a corporation is a citizen of every state in which it is incorporated and in the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1).  For an individual, the complaint must allege citizenship, rather than residence, to properly invoke diversity jurisdiction.  Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011).  "Citizenship is equivalent to 'domicile' . . . [which is] the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation omitted).  An assertion of permanent residency sufficiently alleges domicile.  See Molinos, 633 F.3d at 1342 (noting that a party's statement that he is a permanent resident of the U.S. suggests an intention to reside permanently).

To assess jurisdiction in this case, we have before us the pleadings, the district court's factual findings in its March 4, 2011 order, and the parties' responses to the jurisdictional question we posed to them.  This record demonstrates that Wal-Mart is a Delaware corporation with its principle place of business in Arkansas, and that Dyer was domiciled in Florida at all relevant times and was a permanent resident of Florida.  Thus, complete diversity of the parties is sufficiently established so that remand for amendment is not necessary.

2

We review <u>de novo</u> a grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. <u>Glover v. Liggett Group, Inc.</u>, 459 F.3d 1304, 1308 (11th Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (brackets, citations and quotation omitted). We review the denial of a motion to amend a complaint for abuse of discretion, although we exercise <u>de novo</u> review as to the underlying legal conclusion that an amendment to the complaint would be futile. <u>SFM Holdings, Ltd. v. Banc of Am. Sec., LLC</u>, 600 F.3d 1334, 1336 (11th Cir. 2010). We review <u>de novo</u> whether a district court was required to convert a motion to dismiss into a motion for summary judgment. <u>Id.</u> at 1336-37.

---

Moreover, as we concluded in our December 17, 2012 order, Dyer's appeal is timely as to the district court's March 4, 2011 order, which granted her Fed.R.Civ.P. 60(b) motion and then amended its prior order dismissing her complaint, and the March 12, 2012 order denying her motion to reconsider. However, the district court's March 2011 grant of Dyer's Rule 60(b) motion did not bring up for review any of the court's underlying judgments or orders. <u>See</u> <u>Am. Bankers Ins. Co. of Fla. v. Northwestern Nat'l Ins. Co.</u>, 198 F.3d 1332, 1338 (11th Cir. 1999) (stating that the appeal of a grant or denial of a Rule 60(b) motion is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review). We therefore lack jurisdiction over the August 6, 2010 order denying Dyer's request for default judgment.

We review the denial of a Rule 60(b) motion for reconsideration for abuse of discretion. Willard v. Fairfield Southern Co., 472 F.3d 817, 821 (11th Cir. 2006).

First, we are unpersuaded by Dyer's claim that the district court erred in dismissing her complaint for failure to state a claim for unjust enrichment, quantum meruit or quasi contract, and misappropriation. To state a claim for quantum meruit, unjust enrichment, or quasi contract under Florida law, a plaintiff must allege (1) the plaintiff conferred a benefit on the defendant, (2) the defendant had knowledge of the benefit, (3) the defendant accepted or retained the benefit conferred, and (4) the circumstances indicate that it would be inequitable for the defendant to retain the benefit without paying fair value for it. Merle Wood & Assocs. v. Trinity Yachts, LLC, 714 F.3d 1234, 1237 (11th Cir. 2013); Alevizos v. John D. & Catherine T. MacArthur Found., 764 So.2d 8, 13 (Fla. 4th DCA 1999). For a claim of unjust enrichment based upon "the conveyance of an idea," it is required that the idea be novel. See Garrido v. Burger King Corp., 558 So.2d 79, 83-84 (Fla. 3d DCA 1990). An idea is not novel if it is "merely an innovative representation or adaption of existing knowledge" or a "variation on a theme." Id. An idea that is "within the public domain . . . can not constitute a protectable property right which can be misappropriated." Id. It is not inequitable to use an idea in the public domain without paying for that idea. Alevizos, 764 So.2d at 13. Moreover, for a court to find a quasi contract or quantum meruit, services must be

4

performed under circumstances fairly raising a presumption that the parties understood and intended compensation to be paid. Aldebot v. Story, 534 So.2d 1216, 1217 (Fla. 3d DCA 1988). To establish a claim for misappropriation of an idea, a plaintiff must show that: (1) the idea was novel; (2) disclosure of the idea was made in confidence; and (3) the idea was adopted and used by the defendant. Alevizos, 764 So.2d at 11. For a misappropriation claim, the idea must have been revealed in confidence; in other words, a secret. Garrido, 558 So.2d at 83-84.

Federal Rule of Civil Procedural 15(a)(1) provides that a party may amend its pleading once as a matter of course within 21 days after serving it or within 21 days after service of a required responsive pleading. After the time for allowing amendments to the complaint as a matter of course has passed, amendments are permissible only with the opposing party's written consent or the court's leave, which the court "should freely give . . . when justice so requires." Fed.R.Civ.P. 15(a)(2). While a litigant must generally be given an opportunity to amend his complaint, a district court need not allow an amendment where it would be futile. See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Id.

Here, the district court did not err in dismissing Dyer's complaint. As for her claim for unjust enrichment, quantum meruit, or quasi contract, Dyer failed to

5

state a claim.    Dyer alleged that she provided Wal-Mart with the idea for cash registers to remain closed in non-cash transactions, Wal-Mart implemented her idea, and Wal-Mart saved money using her idea.  Dyer has not, however, alleged circumstances showing that it would be inequitable for Wal-Mart to retain the benefit conferred without paying fair value for it.  To begin with, although Dyer argues that she provided evidence that her idea was novel, she made no allegations to this effect in her amended complaint.  Further, in her brief on appeal, Dyer seemingly concedes that her idea was not novel because she says that many small-box stores had programmed their registers not to open drawers during non-cash transactions prior to her providing that idea to Wal-Mart.  Because Dyer conceded that the idea was in existence prior to her providing that idea to Wal-Mart, the idea was "merely an innovative representation or adaptation of existing knowledge" and thus not novel.  See Garrido, 558 So.2d at 84.   In addition, the circumstances as alleged by Dyer do not fairly raise a presumption that the parties understood and intended compensation to be paid.  See Aldebot, 534 So.2d at 1217.

As for Dyer's claim of misappropriation, Dyer cannot meet the first two elements of a prima facie case.  As we've said, Dyer cannot demonstrate that her idea was novel.  Moreover, she did not allege in her complaint that the disclosure of her idea was made in confidence.

6

As for Dyer's apparent argument that the district court erred in denying her leave to amend her complaint, any amendment to Dyer's complaint would be futile. As we've already discussed, Dyer's concessions reveal that her idea was not novel and thus she could not state a claim of misappropriation or unjust enrichment, quantum meruit, or quasi contract. Thus, even if Dyer amended her complaint, it would still be properly dismissed.

Nor are we convinced by Dyer's claim that the district court abused its discretion in denying her request for default judgment against Wal-Mart. For starters, as we've observed in footnote two, Dyer's appeal of the court's August 6, 2010 order denying a default judgment is not properly before us. What's more, in her motion to reconsider the March 4, 2011 amended order, Dyer sought reconsideration of the denial of a default judgment, but the court's March 4 order did not concern in any fashion the denial of the motion for default judgment. Nevertheless, the court addressed that default motion in its March 12, 2012 order denying the motion for reconsideration. Thus, we will consider the default motion but only under the standards applicable to a motion to reconsider.

Under Fed.R.Civ.P. 55(a), when a defendant has failed to plead or otherwise defend an action, the clerk shall enter a default judgment against the defendant. "Entry of judgment by default is a drastic remedy which should be used only in extreme situations." Mitchell v. Williamson Tobacco Corp., 294 F.3d 1309, 1316-

7

17 (11th Cir. 2002) (quotation omitted).  Generally, a party must serve an answer to a complaint within 21 days of being served with the summons and complaint.  Fed.R.Civ.P.  12(a)(1)(A)(i).  A motion to dismiss for failure to state a claim generally must be made with or before an answer.  See Fed.R.Civ.P. 12(b).  "After . . . a motion to dismiss for failure to state a claim is made, there is no reason to file any other pleadings until the motion is acted upon."  Lawhorn v. Atl. Ref. Co., 299 F.2d 353, 357 (5th Cir. 1962);[3] see Fed. R. Civ. P. 12(a)(4)(A) (providing that, if a court denies a motion under Rule 12 or postpones its disposition until trial, the responsive pleading must be served within 14 days of notice of the court's action).

Here, Dyer has failed to show that the district court abused its discretion.  Wal-Mart filed a motion to dismiss, which the district court granted.  This means that Wal-Mart was not required to file an answer.  Moreover, although Wal-Mart did not file an answer to her amended complaint, it filed a motion to dismiss, setting forth its affirmative defenses.  Therefore, Wal-Mart defended the action against it.  In any event, even if Wal-Mart filed its motion to dismiss a short time after the deadline for responsive pleadings, this was not an "extreme situation" that warranted the drastic remedy of a default judgment.  See Mitchell, 294 F.3d at 1317 (holding that the district court did not abuse its discretion in denying the plaintiff's motion for a default judgment where the defendant filed a motion to

---

[3]    In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions that were issued before October 1, 1981.

dismiss "a short time after the deadline for responsive pleadings" had passed, and the plaintiff had not shown that the defendant's failure to file an answer prejudiced him in any way).

We also reject Dyer's claim that the district court improperly converted Wal-Mart's motion to dismiss into a motion for summary judgment. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). As the record shows, the court did not rely upon any extrinsic pleadings outside of the four corners of the complaint or upon any of the evidence that Dyer or Wal-Mart submitted. The court did, however, reference Wal-Mart's employee handbook. Nevertheless, this was permissible because the court only discussed the contents of the handbook as alleged by Dyer in her amended complaint.

Finally, we find no merit to Dyer's argument that the district court erred by failing to enter a separate judgment, pursuant to Fed.R.Civ.P. 58, after it entered its March 4, 2011 amended judgment. Rule 58 provides that every judgment and amended judgment must be set out in a separate document. A separate document, however, is not required for an order disposing of a motion for relief under Rule 60. Fed.R.Civ.P. 58(a)(5). If a district court was required to set out a judgment or order in a separate document and did not do so, the rules provide that the judgment

9

or order is considered entered after 150 days have run from the entry of a judgment or order in the civil docket.    Fed.R.App.P.  4(a)(7)(A)(ii); <u>see</u>  Fed.R.Civ.P. 58(c)(2)(B) (stating that judgment is entered when it is either set out in a separate document or 150 days have run from the entry in the civil docket).

Here, the court was not required to enter a separate judgment following its March 4, 2011 order.  The court construed Dyer's motion as a Rule 60(b) motion for reconsideration and entered an order accordingly.  But even if the court had been required to file a separate document, the court's error would have only affected the date upon which the order was considered entered.  Therefore, Dyer would have had 180 days from March 4, 2011, to file an appeal with this Court (150 days before the judgment was entered, plus 30 days to file a notice of appeal).

**AFFIRMED IN PART, DISMISSED IN PART.** [4]

---

[4]    Appellant's motion to supplement the record on appeal is DENIED because the evidence at issue was never submitted to the district court, and would not resolve any issues on appeal.